IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 8:12-cv-00088 |
| | : | |
| DOES 1-31, | : | [FILED ELECTRONICALLY] |
| Defendants | : | |
| | : | Jury Trial Demanded |

**MEMORANDUM IN SUPPORT OF DOE DEFENDANT #2'S
MOTION TO QUASH SUBPOENA AND/OR SEVER**

NOW COMES Defendant, Doe Defendant #2, by and through his attorneys, Shumaker Williams, P.C., and states the following reasoning and authorities pursuant to Local Rule 10 in support of his Motion to Quash Subpoena and/or Sever:

**I.     Introduction and Procedural History**

Plaintiff filed a Complaint on January 10, 2012 naming 31 Doe Defendants, the identities of whom are unknown by the Plaintiff. Plaintiff's Complaint identified the Doe Defendants by capturing and recording each internet protocol ("IP") address allegedly used to access and infringe upon Plaintiff's copyrighted work. Those IP addresses, along with the dates and times of the allegedly infringing conduct, are set forth on Exhibit "A" to Plaintiff's Complaint. In order to discover the identities of the account holders associated with the IP addresses listed on Exhibit "A," Plaintiff has no option but to issue subpoenas to the Internet Service Providers ("ISPs") identified on Exhibit "A," seeking such information.

On January 17, 2012, Plaintiff issued a Subpoena directed to Comcast Communications, LLC ("Comcast"), requesting Comcast to reveal the identity of the account holder associated with each IP address allegedly used to access and infringe upon Plaintiff's copyrighted work. The movant, Doe Defendant #2, was subsequently notified by Comcast that he is alleged to have

accessed and infringed upon Plaintiff's copyrighted work using IP address 68.33.172.244 on December 9, 2011.

Doe Defendant #2 respectfully requests this Court to quash the Comcast Subpoena with respect to Doe Defendant #2 and, or in the alternative, to drop or sever Doe Defendant #2 from this action because he has been misjoined.

## II.     Plaintiff's Subpoena to Comcast Should Be Quashed

A subpoena must be quashed when it appears that the subpoena would subject a person to undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Although the burden of producing the information to Plaintiff unquestionably falls on Comcast and not on Doe Defendant #2, the Subpoena nevertheless creates an undue burden on Doe Defendant #2 because it is Doe Defendant #2 who will be identified as a party to this case and who will be unjustifiably called upon to defend this case on the merits.  Further, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Indeed, Doe Defendant #2 has already suffered annoyance, undue burden and expense because he has been forced to obtain and hire counsel to represent him in this action.

Moreover, Doe Defendant #2's identity will be revealed by Comcast in response to the Subpoena, yet there are absolutely no facts in Plaintiff's Complaint that connect Doe Defendant #2 to the infringing activity alleged by Plaintiff.  In other words, it is only because Doe Defendant #2 is the named Comcast account holder that his identity will be revealed; Doe Defendant #2 is not necessarily the person who was using the IP address at the time the alleged infringing activity occurred.  With such a speculative and tenuous connection between Plaintiff's

allegations and Doe Defendant #2, the consequence of Comcast's compliance with the Subpoena will create an undue burden on Doe Defendant #2.

At least one district court has concluded that a copyright holder is not entitled to serve subpoenas on ISPs because there is not a strong enough connection between an IP address and the identity of the person who might actually have engaged in infringing conduct:

> In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, [Plaintiff] ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/.
>
> …Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.
>
> [Plaintiff] argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As [Plaintiff] points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect." Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [Plaintiff] has competent evidence to prove its case.
>
> In its order denying the motion for expedited discovery, [this] court noted that until at least one person is served, the court lacks personal jurisdiction over

3

anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.

*VPR Internationale v. Does 1-1017*, 2011 U.S. Dist. LEXIS 64656, *3-6 (C.D. Ill. April 29, 2011) (citations omitted). Although the *VPR Internationale* decision was one denying expedited discovery and not a motion to quash, the rationale is the same: there is no adequately identifiable connection between an IP address and Doe Defendant #2 sufficient to subject Doe Defendant #2 to the annoyance, undue burden and expense that will surely result from his identity being revealed by Comcast in response to the Subpoena.

Under these circumstances, Doe Defendant #2's identity is privileged information and Comcast should not be required to reveal it. Although Doe Defendant #2's identity may not be privileged in other circumstances (such as where there was an identifiable link between Doe Defendant #2 and the alleged wrongful conduct, where Doe Defendant #2 knowingly acted in concert with others to infringe upon Plaintiff's copyright, or where Doe Defendant #2 has a reasonable expectation of becoming subject to the jurisdiction of this Court), Doe Defendant #2 has a legitimate expectation of privacy in his identity under the circumstances present in this case and the Subpoena should be quashed.

### III.   Doe Defendant #2 Should be Dropped or Severed From this Action Due to Misjoinder

Doe Defendant #2 should be dropped or severed from this action because he has been misjoined as one of the 31 Doe Defendants.

Joinder of multiple defendants is permitted only if (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all Defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Where a

defendant has been improperly joined in an action, the Court may drop the misjoined defendant from the action or sever the action as to the misjoined defendant.  Fed. R. Civ. P. 21.

"[T]he majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe Defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper." *Arista Records, LLC v. Does 1-11*, 2008 WL 4823160, *6-7, 2008 U.S. Dist. LEXIS 90183, *20-21 (N.D. Ohio November 3, 2008). Indeed, many district courts have found that multiple Doe defendants, acting at different places and at different times, could not have been part of the same transaction or occurrence and were misjoined as defendants.  *See*, *e.g*., *Boy Racer, Inc. v. Does 1-60*, 2011 WL 3652521, *2-3, 2011 U.S. Dist. LEXIS 92994, *4-5 (N.D. Cal. August 19, 2011) (collecting cases; citing *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544, No. 5:07-cv-298 (E.D.N.C. February 27, 2008) (ordering the severance of claims against 38 defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl022 DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. April 1, 2004) (magistrate recommended sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does*, 2004 WL 953888, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century*

5

*Fox Film Corp. v. Does 1-12*, No. 3:2004cv04862 (N.D. Cal. November 16, 2004) (severing 12 Doe defendants in a copyright infringement case where, although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert).

      Plaintiff's Complaint fails to sufficiently allege that the Doe Defendants' actions arise out of the same transaction or occurrence or a series of transactions or occurrences.  Plaintiff baldly asserts that the Defendants were "acting in concert with each other" (*see* Complaint at ¶10), but there are no facts alleged to show how that is so.  Plaintiff attempts to justify its joinder of these unconnected Doe Defendants by alleging that they were part of the same torrent "swarm," and therefore the Defendants' computers communicated with each other in some way.  That simply is not enough.  Computers connected to the internet may communicate with dozens or even hundreds of other servers or computers on a daily basis, and that fact cannot justify the joinder of dozens of otherwise unconnected people who have never met or communicated with one another.  Plaintiff's inability to specifically allege how <u>these 31 Defendants</u> are connected is highlighted by the fact that, as Exhibit "D" to its Complaint, Plaintiff attaches an "illustration" of how computers can interact (*see* Complaint at ¶33) rather than demonstrating that there is some identifiable interaction among <u>these 31 Defendants</u>.

      Although a recent decision by this Court found that joinder was proper in a similar copyright infringement action, that decision was based, in part, on the plaintiff's allegation that "the putative Defendants used the same file-sharing device at around the same time to copy the same version of Plaintiff's movie.  Additionally, Plaintiff has sufficiently alleged not only that each Doe played a role in the collaborative effort of distributing Plaintiff's movie, but that each of the 118 Defendants may have directly facilitated the download of Plaintiff's movie by another

6

of the 118 Defendants." *Third Degree Films v. Does*, 2011 U.S. Dist. LEXIS 148676, *6, 8:2011cv03006 (D. Md. December 28, 2011). *See also*, *K-Beech, Inc. v. Does 1-22*, 2011 WL 6000768, 2011 U.S. Dist. LEXIS 136757 (D. Md. November 29, 2011).

In this case, however, the Doe Defendants are not alleged to have acted at or around the same time. Plaintiff's Complaint demonstrates on its face that each of the Doe Defendants' alleged infringing conduct took place at a different time and at a different place from the other Doe Defendants, using three different ISPs. Exhibit "A" to Plaintiff's Complaint contains the IP addresses, alleged download date, time and ISP for each of the 31 Doe Defendants. This information reveals that the Defendants were not acting at the same time – the "hit dates" range from October 30, 2011 to December 9, 2011. The Defendants obviously could not have been acting in concert or at the same time if their allegedly infringing activity is spread over the course of six weeks. Simply put, there is no allegation whatsoever that could support a finding that the Doe Defendants' alleged actions are so connected as to have arisen out of the same transaction or occurrence or a series of transaction or occurrences.

The Doe Defendants' alleged conduct can hardly have arisen from the same transaction or occurrence if each of the Doe Defendants acted days, weeks or even months apart from each other. This fact distinguishes this action from *Third Degree Films* and *K-Beech, Inc.* Indeed, other district courts have agreed that, even where the defendants participated in the same swarm or used the same file-sharing protocol, joinder of multiple defendants is not permitted. For example, the court in *Diabolic Video Prods. v. Does 1-2099*, 2011 WL 3100404, *2-3, 2011 U.S. Dist. LEXIS 58351, * 10 (N.D. Cal. May 31, 2011) explained that:

> [Plaintiff] contends that Defendants joined in a common "swarm," or upload and download of the copyrighted work, that qualifies as the single transaction or series of closely-related transactions recognized under Rule 20. This court and others, however, have repeatedly held that the mere allegation that defendants have used

the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20. Apart from its lone allegation that Defendants all used the same P2P network to reproduce and distribute [Plaintiff's] copyrighted work, [Plaintiff] offers no allegations whatsoever to support its theory of a single or closely-related transactional theory.

Just as in *Diabolic Video Prods.*, the Plaintiff in this case has failed to allege or explain how these 31 Doe Defendants could have acted as part of the same transaction or occurrence or series of transactions or occurrences, and therefore Doe Defendant #2 should be dropped or severed from this action.

### IV.    Conclusion

For the foregoing reasons, Doe Defendant #2 respectfully requests this Honorable Court to quash the Comcast Subpoena with respect to Doe Defendant #2 because it creates annoyance, undue burden and expense upon Doe Defendant #2 and, or in the alternative, to drop or sever Doe Defendant #2 from this case because he has been misjoined.

                                        Respectfully submitted,

                                        SHUMAKER WILLIAMS, P.C.


Dated:  March 12, 2012          By s/ Ryan P. Siney
                                        Ryan P. Siney, #29358
                                        901 Dulaney Valley Road, Suite 610
                                        Towson, Maryland  21204
                                        Telephone: (410) 825-5223
                                        Telecopier:  (410) 825-5426
                                        siney@shumakerwilliams.com
                                        *Attorneys for Doe Defendant #2*

:244529

**CERTIFICATE OF SERVICE**

I, Ryan P. Siney, Esquire, hereby certify that I served a copy of the foregoing Memorandum in Support of Doe Defendant #2's Motion to Quash Subpoena and/or Sever on this date by filing a copy of the same via ECF, addressed as follows:

>Jon A. Hoppe, Esquire
>1401 Mercantile Lane #105
>Largo, MD 20774

>SHUMAKER WILLIAMS, P.C.

Dated:  March 12, 2012                By  /s/ Ryan P. Siney
>Ryan P. Siney, #29358
>Dulaney Center II
>901 Dulaney Valley Road, Suite 610
>Towson, Maryland  21204
>Telephone: (410) 825-5223
>Telecopier:  (410) 825-5426