IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| K-BEECH, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 8:12-cv-00088 |
| | : | |
| DOES 1-31, | : | [FILED ELECTRONICALLY] |
| Defendants | : | |
| | : | Jury Trial Demanded |

**REPLY MEMORANDUM OF DOE DEFENDANT #2
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO JOHN DOE #2'S MOTION TO QUASH SUBPOENA AND/OR SEVER**

NOW COMES Defendant, Doe Defendant #2, by and through his attorneys, Shumaker Williams, P.C., and states the following reply to Plaintiff's Memorandum in Opposition to John Doe #2's Motion to Quash Subpoena and/or Sever:

Doe Defendant #2 filed a Motion to Quash Subpoena and/or Sever ("Motion") and Memorandum in Support thereof ("Doe Defendant #2's Memorandum") on March 12, 2012. In the Motion, Doe Defendant #2 asserts, *inter alia*, that (1) Plaintiff's claims against the Doe Defendants do not arise out of the same transaction or occurrence or a series of transactions or occurrences; and (2) there are no questions of fact or law common to all of the Doe Defendants sufficient to justify joining 31 unrelated, unconnected Defendants in this action. *See* Doe Defendant #2's Memorandum at pp. 4-8. Consequently, the requirements of Fed. R. Civ. P. 20(a)(2) cannot be met and Doe Defendant #2 should be dropped or severed from this action.

Plaintiff filed a Memorandum in Opposition to John Doe #2's Motion to Quash Subpoena and/or Sever ("Plaintiff's Opposition") on March 29, 2012, claiming, among other things, that joinder of anonymous defendants in BitTorrent copyright infringement cases, like this one, is appropriate. *See* Plaintiff's Opposition at pp. 3-18.

After the filing of Doe Defendant #2's Motion and Plaintiff's Opposition, Judge Motz of this Court addressed the issue of joinder in *Cinetel Films, Inc. v. Does 1-1,052*, 2012 U.S. Dist. LEXIS 47701, 8:11-cv-02438 (D. Md. April 4, 2012) (*see* attached Appendix), a copyright infringement case in which the plaintiffs alleged that defendants participated in the same BitTorrent swarm and infringed upon the plaintiffs' copyrights – claims nearly identical to Plaintiff's claims in this case. In *Cinetel*, several Doe defendants filed motions to sever and/or quash, arguing, like Doe Defendant #2 in this case, that joinder of unrelated, unconnected defendants was improper and failed to meet the requirements of Fed. R. Civ. P. 20. Judge Motz granted the defendants' motions to sever and dismissed the plaintiffs' claims without prejudice. Judge Motz concluded that joinder was not proper because "each alleged infringement was separate and apart from the others" and "litigating instances of separate but similar conduct defies the purpose of joinder and raises concerns of individual fairness and justice." *Id.*, at *18. The Court was not persuaded by the plaintiffs' claims that the Doe defendants participated in the same BitTorrent swarm: "merely alleging that the Doe defendants all used the same ISP, Comcast, and the same file-sharing protocol, BitTorrent, to conduct copyright infringement without any indication that they acted in concert fails to satisfy the 'arising out of the … same series of transactions or occurrences' requirement." *Id.*, at *18 (*citing* Fed. R. Civ. P. 20(a)(2)(A)). Joinder of numerous unrelated defendants, explained Judge Motz, was unfair given the factual and legal differences in the claims and defenses likely to be asserted, and thus joinder of those defendants was "inefficient, raises significant manageability problems, and is unduly prejudicial to the defendants." *Id.*, at *24.

Judge Motz's rationale should be applied to this case. As in *Cinetel*, Plaintiff has alleged no common questions of fact or law to connect the Doe Defendants, other than that the Doe

Defendants allegedly participated in the same BitTorrent swarm.  Complaint at ¶33.  Plaintiff devotes nearly half of its Complaint to explaining how BitTorrent works, confirming that Plaintiff relies only on the BitTorrent process to justify joining the Doe Defendants – a process that Judge Motz concluded is an insufficient connection among otherwise unconnected defendants.  Notably absent from Plaintiff's Complaint are specific averments explaining how the Doe Defendants acted in concert or why the same questions of fact or law will arise with respect to all of the Doe Defendants.  As Judge Motz recognized in *Cinetel*, Plaintiff's claims in this case are nothing more than instances of "separate but similar conduct," and it would be inefficient for this Court and prejudicial to the Defendants if those instances of separate conduct were resolved in this action.

For the foregoing reasons, Doe Defendant #2 respectfully requests this Honorable Court to adopt Judge Motz's reasoning in *Cinetel*, and to grant Doe Defendant #2's Motion and order that Doe Defendant #2 be severed or dropped from this action.

Respectfully submitted,

SHUMAKER WILLIAMS, P.C.

Dated:  April 11, 2012           By s/ Ryan P. Siney
                                 Ryan P. Siney, #29358
                                 901 Dulaney Valley Road, Suite 610
                                 Towson, Maryland  21204
                                 Telephone: (410) 825-5223
                                 Telecopier:  (410) 825-5426
                                 siney@shumakerwilliams.com
                                 *Attorneys for Doe Defendant #2*

:246472

**CERTIFICATE OF SERVICE**

I, Ryan P. Siney, Esquire, hereby certify that I served a copy of the foregoing Reply Memorandum of Doe Defendant #2 to Plaintiff's Memorandum in Opposition to John Doe #2's Motion to Quash Subpoena and/or Sever on this date by filing a copy of the same via ECF, addressed as follows:

>Jon A. Hoppe, Esquire
>1401 Mercantile Lane #105
>Largo, MD 20774

SHUMAKER WILLIAMS, P.C.

Dated:  April 11, 2012        By  /s/ Ryan P. Siney
                                    Ryan P. Siney, #29358
                                    Dulaney Center II
                                    901 Dulaney Valley Road, Suite 610
                                    Towson, Maryland  21204
                                    Telephone: (410) 825-5223
                                    Telecopier:  (410) 825-5426