IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| K-BEECH, INC.<br>Plaintiff, | * * * * * * | |
| v. | * | Civil Action No. 12-cv-00088-AW |
| DOES 1 – 31,<br>Defendants. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum Opinion**

Plaintiff K-Beech, Inc. filed this action against 31 John Doe defendants for copyright

infringement.  Pending before the Court are motions by Does 2, 6, 8, and 14 to dismiss or sever

for misjoinder and to quash the subpoena.  *See* Doc. Nos. 9, 12, 13, 14.  The Court has reviewed

the movants' motions, and for the reasons set forth below, they are denied.


I.      FACTUAL & PROCEDURAL BACKGROUND

On January 10, 2012, Plaintiff K-Beech, Inc. ("K-Beech") filed this Complaint against 31

John Doe Defendants alleging that Defendants used a file-sharing protocol called BitTorrent to

illegally infringe Plaintiff's copyrights in a pornographic motion picture.  Plaintiff claims to

know the Internet Protocol address ("IP address") of each infringing defendant, but not their real

names, addresses, or other identifying information.  The entity that possesses information linking

an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP

address.  ISPs, such as Comcast or Verizon, maintain temporary internal logs that record the

date, time, and customer identity for each IP address serviced by that ISP.  On January 12, 2012,

the Court granted Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule

26(f) Conference, enabling Plaintiff to conduct limited discovery on the ISPs that service the

allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and

serve them with process.  *See* Doc. No. 6.

Since the Court's order permitting such discovery, the ISPs have provided their

subscribers with notice of the subpoena.  As a result, several John Does whose contact

information has been subpoenaed have filed motions with the Court seeking to dismiss or sever

for misjoinder and to quash the subpoena and prevent the ISPs from turning over their

identifying information.  *See* Doc. Nos. 9, 12, 13, 14.  Specifically, the Does contend that they

are not properly joined under Federal Rule of Civil Procedure 21 and that the subpoena burdens

and harasses them and should be quashed pursuant to Federal Rule of Civil Procedure

45(c)(3)(A)(iv).

III.    ANALYSIS

        A.      Motions to Dismiss or Sever for Misjoinder

Defendants argue that they are not properly joined under Federal Rule of Civil Procedure

21 and that they should accordingly be dismissed or severed from the instant action.  As an initial

matter, the Court notes that there is a wealth of case law in other federal district courts

supporting joinder in similar cases.  *See*, *e.g.*, *Call of the Wild Movie, LLC v. Does 1-1062*, 770

F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case involving over

1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011

WL 1807452, at *4–*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*,

Civ. No. 11-57(CKK), 2011 WL 2292239, at *5–*6 (D.D.C. Jun. 10, 2011) (same).

Courts have also found joinder inappropriate in similar cases, however, and a split has even developed within this district. *See Cinetel Films, Inc. v. Does 1–1,052*, Civ. No. JFM 8:11-cv-02438, 2012 WL 1142272, at \*7 (D. Md. Apr. 4, 2012) (finding in a similar case involving over 1,000 Doe defendants that "the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations."); *see also Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142 (N.D. Cal. Jul 8, 2011) (severing all defendants but one due to lack of evidence that defendants were part of the same "swarm" in uploading the same initial files of a given work); *see also Patrick Collins v. Does 1-58*, No. 3:11-cv-531(JAG) (E.D. Va. Oct. 13, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of two months—is insufficient to meet the standards to joinder set forth in Rule 20.").

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted  against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence. *See, e.g.*, *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  The Court may sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright.  Fed. R. Civ. P. 21.  However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of

claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 724 (1966).  Considering the two requirements for permissive joinder under Federal

Rule 20(a)(2) as they apply to the instant action, the Court finds that at this procedural juncture,

joinder of the putative Defendants is proper.

The first requirement of permissive joinder is that claims "aris[e] out of the same

transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

Defendants argue that Plaintiff is attempting to join several individuals without alleging any

coordinated action between the Defendants or any right to relief that arises out of the same

transaction.  Additionally, Defendants argue that there is no alleged or implied relationship

between them and that the Complaint contains no allegation that any two Defendants acted in

concert or otherwise conspired against Plaintiff.

These contentions largely ignore the allegations in the Complaint.  Plaintiff alleges that

each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally

uploaded and downloaded Plaintiff's copyrighted movie.  *See* Compl. ¶¶ 32, 33.  Additionally,

Plaintiff contends that it has only sued Defendants in the exact same swarm, *i.e.*, Defendants who

participated in downloading or transmitting the same unique version of Plaintiff's movie.  *Id.* at

¶ 33.  Plaintiff explains that such identification is possible through the use of forensic software

which identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash

Number" which serves as a digital footprint.  *See id.* ¶¶ 37, 38.

Does 8 and 14 allude to the fact that this swarm involved possibly thousands of other

online users from across the country.  Even though Plaintiff is suing only a small portion of the

swarm, however, the Court finds that Plaintiff has sufficiently alleged that the putative

Defendants used the same file-sharing device, in the same region, and within a roughly the same

time period, to copy the same version of Plaintiff's movie.  Although the downloads in this case

occurred over a span of six weeks, suggesting that the Does were not downloading the

copyrighted movie at the exact same time, Plaintiff has adequately alleged that each download

directly facilitated the others in such a way that the entire series of transactions would have been

different but for each of Defendants' infringements.  As such, Plaintiff has sufficiently shown a

logical relationship between the series of individual downloads.  Although Defendants may be

able to rebut these allegations once the Court becomes aware of their identities and individual

defenses, at this stage Plaintiff has adequately satisfied the first prong of permissive joinder.

The second prong of the permissive joinder test, Federal Rule 20(a)(2)(B), requires that

Plaintiff's claims against Defendants contain common questions of law or fact.  Plaintiff meets

this requirement in the instant action because it asserts identical claims against the Doe

Defendants.  Although Defendants will necessarily present different factual issues and legal

defenses at a later stage in the litigation, the commonality of legal claims at this time supports

joinder.  Additionally, the interests of judicial efficiency also weigh in favor of joining these

claims, and doing so may be more beneficial for the Doe Defendants.  *See London-Sire Records,*

*Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of

similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and

allows the defendants to see the defenses, if any, that other John Does have raised.").  Moreover,

joinder serves Plaintiff's interests by providing it with an effective tool to protect its motion

picture from copyright infringement.  Accordingly, the Court finds that joinder is proper and

accordingly declines to sever or dismiss the Does on that basis.


B.      Motions to Quash Subpoenas

Additionally, Defendants seek to quash the subpoena issued to the ISPs seeking information about the Doe Defendants.  Doe 2 contends that the subpoena burdens and harasses him and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Rule 45 provides that pursuant to a timely motion, the issuing court must quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden."  In the instant action, the Court permitted Plaintiff to serve subpoenas on ISPs so that Plaintiff may identify the Doe Defendants responsible for the alleged infringement.  Such identification is necessary so that Plaintiff may pursue these actions and enforce its legal rights to distribute its pornographic motion picture by obtaining a remedy against infringers.  Doe 2's argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require the Does to produce any information or otherwise respond.  Accordingly, the Court denies Defendants' motions to quash the subpoena on this ground.


**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motions are denied. A separate order will follow.


April 23, 2012                                                              /s/
     Date                                            Alexander Williams, Jr.
                                                     United States District Judge